## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JERRI LEIGH JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs.  ) | 1:12-cv-1315-WTL-DML |
| ) | |
| CR ENGLAND, INC., et al., ) | |
| ) | |
| Defendants. ) | |

### Entry and Order Dismissing Action

**I.**

**A.**

The Court of Appeals has issued its mandate in No. 12-3609. The mandate dismisses that appeal for lack of jurisdiction. The plaintiff's contentions otherwise are inaccurate.

**B.**

The time within which the plaintiff was given to file an amended complaint as directed in the Entry of October 26, 2012, was extended through January 16, 2013. The plaintiff was given directions as to the format of an amended complaint. No amended complaint has been filed. The plaintiff's explanation for her failure to file an amended complaint is that she is not permitted to alter the charge of discrimination filed with the EEOC or the similar document filed with the Indiana Civil Rights Commission. The charges of discrimination filed with these agencies cannot now be altered, of course, but this fact did not prevent her from filing an amended complaint.

Rule 41(b) gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . . ." Fed.R.Civ.P. 41(b). *See Chambers v. Nasco, Inc.,* 501 U.S. 32, 49 (1991) (noting that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute" as recognized in *Link v. Walbash R. Co.,* 370 U.S. 626, 629–32 (1962)). "This measure is available to the district court as a tool to effect management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. AT & T,* 176 F.3d 359, 63 (6th Cir. 1999). Furthermore, "it is well-settled that the district court can enter a sua sponte

order of dismissal under Rule 41(b)." *Rogers v. City of Warren,* 302 F. App'x. 371, 375 n. 1 (6th Cir. 2008).

The harsh sanction of dismissal for failure to prosecute under Rule 41(b) typically arises in cases where there has been a pattern of delay tactics or contumacious behavior, requiring first that notice be given to the offending party. *See Rice v. City of Chicago,* 333 F.3d 780, 784 (7th Cir. 2003); *Ball v. City of Chicago,* 2 F.3d 752, 755 (7th Cir. 1993). The Seventh Circuit has provided the following summary of the factors that are relevant to the decision whether to dismiss a suit under Rule 41(b):

> Certain principles guide the district court in determining whether to dismiss a case for want of prosecution pursuant to Rule 41. Ideally, the district court should consider the frequency and magnitude of the plaintiff's failure to comply with deadlines for the prosecution of the suit, the apportionment of responsibility for those failures between the plaintiff and his counsel, the effect of those failures on the judge's calendar and time, the prejudice if any to the defendant caused by the plaintiff's dilatory conduct, the probable merits of the suit, and the consequences of dismissal for the social objectives of the type of litigation that the suit represents. *Ball,* 2 F.3d at 759-60.

*Aura Lamp & Lighting Inc. v. Int'l Trading Corp.,* 325 F.3d 903, 908 (7th Cir. 2003).

### C.

In this case, the court has invested months in directing the plaintiff to proceed. She has refused. No change is on the horizon. The plaintiff has been warned, admonished, and instructed. No change is on the horizon. The action is therefore dismissed based on the plaintiff's failure to prosecute.

### D.

All pending motions are denied as moot.

### II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 01/23/2013 _____

*William T. Lawrence* (signature)

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

**Distribution:**

**Jerri Leigh Jackson
1137 South 17th Street
Apt. #1
Louisville, KY 40210**